**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-50080
Summary Calendar

RICHARD RODRIGUEZ,

Plaintiff-Appellant,

VERSUS

KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC SA-96-CV-1190

March 18, 1999

Before WISDOM, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

The appellant, Richard Rodriguez, filed an application for Disability Income Benefits and Supplemental Security Income after falling on a patch of ice while working as a bus driver. The Administrative Law Judge (ALJ) who heard the case denied Rodriguez's application. Rodriguez appealed, and the Appeals Council denied review. Rodriguez then took his case to federal court, where a Magistrate Judge recommended the appeal be dismissed. The district judge followed that recommendation. Rodriguez now brings this appeal. We affirm.

In reviewing a final decision of the Commissioner of Social Security, this Court determines only whether there is substantial evidence to support the decision, and whether the proper legal standards were used in evaluating the evidence.[2]

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990).

Rodriguez contends on appeal that there was not substantial evidence to support the decision. Rodriguez did not raise this issue before the Appeals Council.[3] As Rodriguez failed to raise this issue before the Appeals Council, he has failed to exhaust his administrative remedies, and this Court does not have jurisdiction to consider this issue.[4]

Rodriguez next contends that the ALJ erred by relying on the testimony of a vocational expert as to the level of exertion generally found in Rodriguez's past jobs: van driver and security guard. In making this contention Rodriguez relies upon this Court's decision in Latham v. Shalala, holding that, in determining if a claimant can perform his past relevant work, the Commissioner "may not rely on generic classifications of previous jobs."[5]

In this case, the ALJ did not rely on generic classifications of previous jobs. Rather, the ALJ relied upon "the description of the claimant's past work as such work is generally performed in the national economy."[6] Rodriguez contends that these two categories are identical, and if the Commissioner may not rely on one, he may not rely on the other. This is not so. The ALJ may not rely on generic classifications such as "delivery job." The reason for this is that some delivery jobs require more exertion than others. The ALJ may, however, rely on a description of the job as it generally performed in the national economy. This sharpens the focus of the ALJ's inquiry sufficiently to be permissible. This is what the ALJ did in this case, and thus, there is no error.

Finally, Rodriguez contends that the ALJ failed to consider his age, illiteracy, or mental impairments. It is true that the ALJ did not consider these factors, nor should she have. The ALJ should only apply these factors if the claimant is found to be incapable of performing his past relevant work.[7] As the ALJ found that Rodriguez could perform his past relevant work, there was no need to apply these factors.

---

[3] Supp. R. 196-198.

[4] Paul v. Shalala, 29 F.3d 208, 210 (5th Cir. 1994).

[5] 36 F.3d 482, 484 (5th Cir. 1994).

[6] Leggett v. Chater, 67 F.3d 558, 564 (5th Cir. 1995).

[7] 20 C.F.R. §§ 404.1520 (f), 416.920 (f).

On the basis of the foregoing, the judgment of the district court is AFFIRMED.